IN THE MATTER OF CONSTANTINE T. KISCIRAS, AN ATTORNEY AT LAW

Argued September 9, 1969—Decided October 6, 1969.

*Mr. Samuel M. Lyon, Jr.* argued the cause for the Bergen County Ethics Committee.

*Mr. Arthur J. Messineo, Sr.* argued the cause for the respondent (*Messrs. Messineo & Messineo,* attorneys).

PER CURIAM. The Bergen County Ethics Committee filed a presentment against Constantine T. Kisciras, a member of the bar of this State, charging him with violating *R. R.* 1:12–5(a) (now *R.* 1:21–6) in that he did not maintain a trust bank account, and Canon 11 of the Professional Code of Ethics in that he commingled client's funds with his own and used said funds for the benefit of persons other than the complainant, a client for whom said funds were held. Respondent admitted that at the time of the transaction here involved,

he did not have a separate trust account. He stated that he had had such an account from June 1962 to March 27, 1967 but had closed out said account on the latter date because he then had no trust monies in his possession. He did, however, at all times keep a complete ledger showing the amounts held for and owing his clients. He admitted using part of the monies held for complainant to make two loans to persons other than complainant without interest charge or other financial benefit to himself. When demand for payment was made by complainant, respondent delivered a check to him. There is a dispute as to whether complainant was told to hold said check for a period of time before cashing. In any event, when complainant deposited the check there were insufficient funds in respondent's account. The facts concerning the status of respondent's account are somewhat confusing. Complainant contacted the Chairman of the Ethics Committee and objected to respondent's conduct. Later that day he cashed the check, there then being sufficient funds on deposit for that purpose. There is no proof or intimation that the check was made good because of the visit by complainant to the Chairman of the Ethics Committee. Respondent has since the above transaction opened a separate clients' trust account.

We find that respondent violated *R. R.* 1:12–5(a) and Canon 11 of the Professional Code of Ethics.

The diversion of trust funds is a serious offense. Although it is no excuse that the defendant seemingly gained no monetary advantage therefrom and that he made prompt restitution thereof, those facts may be considered in mitigation of the extent of the discipline. Accordingly, respondent is suspended from the practice of law for a period of three months and until the further order of the Court.

*For suspension*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*Opposed*—NONE.